Pittsfield Coal & Oil Company, Incorporated v. Commissioner.
Pittsfield Coal & Oil Co. v. Commissioner
Docket No. 1840-64.
United States Tax Court
T.C. Memo 1966-4; 1966 Tax Ct. Memo LEXIS 276; 25 T.C.M. (CCH) 11; T.C.M. (RIA) 66004; January 10, 1966
Wallace Percival (an officer), for the petitioner. Robert B. Dugan, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in petitioner's Federal corporate income taxes for the taxable year 1961 and the taxable period January 1, 1962, through June 30, 1962, in the amounts of $7,499.98 and $500.92, respectively. The issues presented for decision are (1) whether petitioner realized additional income from accounts receivable collected during the taxable year 1961 and the taxable period January 1, 1962, through June 30, 1962; and (2) whether *277 petitioner is entitled to a deduction for bad debts in excess of the amount of $343.92 for the taxable year 1961. On trial, petitioner conceded that the adjustment made by respondent for depreciation for the taxable period January 1, 1962, through June 30, 1962, is proper. Findings of Fact Some of the facts are stipulated and, as stipulated, are incorporated herein by this reference. Petitioner, Pittsfield Coal and Oil Company, Incorporated, an accrual basis taxpayer, filed its Federal corporate income tax returns for the taxable year ended December 31, 1961, and the taxable period January 1, 1962, through June 30, 1962, with the district director of internal revenue, Augusta, Maine. The assets and liabilities of a proprietorship operated by Wallace G. Percival (hereinafter referred to as Percival) were transferred to petitioner as of the close of business on December 31, 1960, in exchange for all of petitioner's outstanding stock. Petitioner was formally registered as a corporation by the State of Maine on January 23, 1961. Petitioner took over the coal and fuel oil business formerly operated by Percival. Percival reported the income of his proprietorship on the cash *278 receipts and disbursements method. His books of account were maintained on a hybrid basis, using opening and closing inventories for the beginning and end of each year. The opening entries on petitioner's books in January 1961 were as follows: Assets
Cash
$ 776.38
First National Bank
1,804.27
Accounts Receivable
39,218.45
Inventory
4,098.48
Machinery and Equipment
572.63
Oil Trucks
1,036.43
Coal Trucks
1,535.70
Car and Pick-up Trucks
1,062.63
$50,104.97
Liabilities & Capital
Accounts Payable
$ 7,401.98
Notes Payable
3,000.00
Accrued Social Security Taxes
444.66
Accrued Maine Employment Se-
curity Taxes
127.67
Accrued Federal Unemployment
Taxes
69.08
Accrued Withholding Taxes
473.40
Accrued Sales Taxes
364.80
Accrued Federal Income Taxes
591.56
Accrued Use Fuel Taxes
1.75
Accrued Federal Excise Taxes
5.08
Capital Stock
37,500.00
Drawing Account, W. G. Percival
124.99
$50,104.97
Of the accounts receivable accrued prior to incorporating, petitioner collected $28,469.82 in the taxable year 1961 and $1,706.53 in the taxable period January 1, 1962, through June 30, 1962. Petitioner did not include within gross income *279 on its income tax returns for the year 1961 ane the period ended June 30, 1962, the amounts received on the accounts receivable transferred to it by Percival upon its incorporation. Petitioner claimed a bad debt deduction in the amount of $4,042.35 on its income tax return for the taxable year 1961. Included in said deduction were accounts totalling $3,698.43 representing charge sales made prior to incorporating when the business was operating on a cash basis. Respondent, in his notice of deficiency, asserted that the amount collected on the above-mentioned accounts receivable are taxable as ordinary income since petitioner failed to establish that it was entitled to exclude such collections. Respondent determined that the claimed business bad debts are allowed in the amount of $343.92 in lieu of $4,042.35 claimed in petitioner's income tax return and, therefore, its taxable income is increased in the amount of $3,698.43 in the year 1961. Opinion Petitioner, an accrual basis taxpayer obtained the assets and liabilities of a cash basis proprietorship in exchange for all of petitioner's stock. [1] Among the assets received by petitioner was $39,218.45 of accounts receivable. *280 Petitioner received $28,469.82 on these accounts receivable during the taxable year 1961 and $1,706.53 in the taxable period January 1, 1962, through June 30, 1962. The proprietorship had reported its income on the cash basis so that the accounts receivable created prior to petitioner's incorporation had not been reported as income by Percival. Petitioner does not deny the amounts it collected on these accounts receivable must be taken into income but contends that the provisions of section 481 of the Internal Revenue Code of 1954 are applicable. Section 481 provides that where a taxpayer changes his method of accounting for computing his taxable income from the method he employed in his preceding taxable year, an averaging adjustment is permitted with respect to certain income. Section 481 applies, however, only where the party involved before and after the change of accounting is the same taxable entity. It is respondent's position that petitioner herein is a corporation separate and distinct from the proprietorship *281 owned by Percival, that the corporation's first taxable year was 1961, and that the corporation had no preceding year to the year of change. Petitioner contends that since the income in issue was earned by the business at the time it was held by the proprietorship it should be considered the same entity as said proprietorship with respect to such income for purposes of section 481. Percival was free, as far as the law is concerned, either to transfer to petitioner or retain individually the accounts receivable earned by the proprietorship. However, petitioner must accept the consequences properly attributable to the transfer which in fact took place. There is no evidence here that petitioner's incorporation was without substance, and petitioner makes no such argument. Under these circumstances we cannot disregard petitioner's separate existence. See Ezo Products Co. 37 T.C. 385 (1961), wherein it was held that section 481 did not apply where a taxpayer corporation has no preceding tax year to the year in which a change of accounting occurred although it received its assets in a tax-free exchange with a predecessor partnership. Thus, petitioner had no "preceding taxable *282 year" and section 481 is therefore inapplicable herein. The remaining issue for decision is whether petitioner is entitled to a deduction for bad debts in excess of the amount of $343.92 allowed by respondent for the taxable year 1961. Of the $4,042.35 bad debts claimed on petitioner's 1961 income tax return, $3,698.43 relates to sales made in prior years. These uncollectible amounts were not included in the income of the cash basis proprietorship. Furthermore, they were not nor are they properly includable in petitioner's income. Under these circumstances, it is well settled that no bad debt deduction is allowable. See W. L. Moody Cotton Co. v. Commissioner, 143 F. 2d 712 (C.A. 5, 1944), affirming 2 T.C. 347 (1943). Therefore, we decide for respondent on this issue. Decision will be entered under Rule 50. Footnotes
1. This exchange was properly treated as a nontaxable corporate organization pursuant to section 351, I.R.C. 1954↩.